IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
ex rel. BEVERLY ENGLUND,

        Plaintiff,                No. CIV S-04-0282-LKK-JFM

        vs.

LOS ANGELES COUNTY,

        Defendant.            ORDER

_____/

        On December 6, 2005, counsel filed a stipulation and proposed protective order. The confidentiality of the documents at issue is governed by Fed. R. Civ. P. 26(c). The protective order provides that "All information produced by third party, the California Medical Assistance Commission ("CMAC"), its current staff, employees, and commissioners, in this litigation (including but not limited to, in the course of discovery, deposition or in response to subpoena) is deemed "Confidential" and shall be treated as "Confidential" for all purposes." (Stipulated Protective Order at 1-2.)

        "It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." Phillips v. Gen. Motors, 307 F.3d 1206, 1210 (9th Cir. 2002). When a party makes a motion asserting good cause for a protective order pursuant to Rule 26(c), "the court in which the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or

1

undue expense or burden, including . . . that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c).  Under Rule 26(c), "the party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." Foltz v. State Farm Mut. Aut. Ins. Co., 331 F.3d 1122, 1130 (9th Cir.2003) (citing Phillips, 307 F.3d at 1210-11; Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir.1992); Deford v. Schmid Prods. Co., 120 F.R.D. 648, 653 (D.Md.1987)).  "Where a business is the party seeking protection, it will have to show that disclosure would cause significant harm to its competitive and financial position.  That showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of harm." Deford, 120 F.R.D. at 653. "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." Beckman, 966 F.2d at 476.  If the court finds that defendants have met their burden to show particularized harm will result from disclosure of the information to the public, the court must then balance the public and private interests to decide whether protection is warranted.[1]  Phillips, 307 F.3d at 1211.  A judge has broad discretion "to decide when a protective order is appropriate and what degree of protection is required." Id. (citing Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984)).

        Blanket protective orders that cover all discovery materials generally are over-inclusive because a party seeking protection under such an order usually has not made the

---

[1] In balancing the public and private interests, courts have looked to the following factors: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir.1995), cited with approval in Phillips, 307 F.3d at 1211-12.  Because counsel has not demonstrated the need for a protective order, no balancing was required at this time.

required good cause showing with respect to any particular document. Foltz, 331 F.3d at 1131-33. Nonetheless, the court may issue umbrella protective orders that protect classes of documents if a threshold showing is made in appropriate circumstances. Pearson v. Miller, 211 F.3d 57, 73 (3d Cir. 2000).

Counsel in the instant case seek a blanket protective order. They have not limited the protective order to specific documents and have not explained what, if any, "specific prejudice or harm will result if no protective order is granted." Foltz, 331 F.3d at 1130. Moreover, counsel has not established that "specific prejudice or harm" will result with respect to CMAC documents if they are disclosed. See Foltz, 331 F.3d at 1130. Counsel has not identified CMAC sufficiently to determine whether it is, in fact, considered to be a "business" for purposes of application of this rule. Counsel has provided no factual support from which the court can determine that specific harm might result from disclosure of CMAC's documents or information. See Foltz, 331 F.3d at 1130. Counsel are cautioned that broad allegations of harm with respect to either documents as a whole, or categories of documents, do not satisfy the standard set forth in Foltz.[2]

Accordingly, IT IS ORDERED that the December 6, 2005 request to enter a stipulated protective order is denied.

DATED: December 9, 2005.

*signature*
UNITED STATES MAGISTRATE JUDGE

1; englund.podn

---

[2] In the event that the parties endeavor to redraft the stipulation and proposed order, they may wish to review the language beginning on page two at line three: "All information produced by CMAC shall be consequentially (sic) numbered by the parties. . . ." It appears likely that this phrase was dictated but not read.