IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
ex rel. BEVERLY ENGLUND,

        Plaintiff,                       No. CIV S-04-0282-LKK-JFM

        vs.

LOS ANGELES COUNTY,

        Defendant.                   <u>ORDER</u>

_____/

        Plaintiff's motions to compel compliance with subpoenas duces tecum came on regularly for hearing February 16, 2006. Brian Taugher and Jenny Teaford appeared for plaintiff. Theodore Garelis appeared for the nonparty state agencies. Peter E. Davids appeared for defendant. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        These motions were previously heard on January 19, 2005, at which time counsel were informed that the motions to compel would be granted subject to a protective order, but counsel were directed to meet and confer on the particulars of a protective order. In addition, as to the issue of electronic discovery, counsel were directed to confer concerning the design and parameters of the electronic data search and to file a status report by close of business February 3, 2006.

1         Initially, the court notes there was no formal appearance by counsel for defendant
2  Los Angeles County at the January 19, 2006 hearing and defendant Los Angeles County did not
3  file a timely opposition to the motion to compel production of documents or the motion to
4  compel responses to requests for admissions.  In addition, the joint discovery statements filed
5  prior to the hearing addressed only the interests of nonparties California Department of Health
6  Services and the California Medical Assistance Commission.  Thus, it appears that counsel have
7  resolved the motions as to defendant Los Angeles County.
8         Insofar as the December 22, 2005 motions to compel compliance with subpoenas
9  duces tecum issued to the California Department of Health Services and the California Medical
10 Assistance Commission, those motions will be granted subject to a protective order restricting
11 the use of the documents produced to use in this litigation.  This protective order will apply only
12 to documents which plaintiff did not have in her possession prior to production by the submitting
13 party.
14         With regard to production of e-mail and other electronically stored documents, it
15 became clear at the hearing that the California Department of Health Services used the
16 negotiation time extended to them to elaborate the burden they claimed was involved in the
17 production sought by plaintiff.  The California Department of Health Services used the time for
18 conferring extended by the court to embroider their claims of complexity, volume, and privilege
19 instead of using the time figuring out how to get the job done.  Stripped of partisan hyperbole the
20 actual work to be done is not difficult or burdensome.  The objections of The California
21 Department of Health Services are overruled and the claims of privilege are denied.  The
22 California Department of Health Services shall copy the e-mails for the designated employees to
23 compact disks or similar electronic media and shall deliver the disks or other electronic media to
24 plaintiff's counsel within fifteen days from the date of this order.  The material so produced shall
25 be used by plaintiff solely for the purposes of this litigation.  Plaintiff shall reimburse the
26 California Department of Health Services for the retail cost of the disks.

Accordingly, IT IS ORDERED that:

1. Plaintiff's December 22, 2005 motions to compel compliance with subpoenas duces tecum (docket nos. 70 & 71) are granted. Within thirty days from the date of this order, the California Department of Health Services and the California Medical Assistance Commission shall produce any paper documents responsive to the subpoenas duces tecum. All documents produced are subject to a protective order and shall be used only in connection with the conduct of this litigation. This protective order shall not apply to documents which plaintiff had in her possession prior to production pursuant to this order.

2. The California Department of Health Services shall copy the e-mails for the designated employees to compact disks or other appropriate electronic media and shall deliver the disks or other electronic media to plaintiff's counsel within fifteen days from the date of this order. The material so produced shall be used by plaintiff solely for the purposes of this litigation. Plaintiff shall reimburse the California Department of Health Services for the retail cost of the disks.

DATED: February 21, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

1; englund.po3