UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
*ex rel.* BEVERLY ENGLUND,

        NO. CIV. S-04-282 LKK/JFM

    Plaintiffs,

  v.                            O R D E R

LOS ANGELES COUNTY, et al.,

    Defendants.
_____/

    Pending before the court is a motion filed by California Medical Assistance Commission (CMAC) seeking reconsideration of the magistrate judge's order filed February 21, 2006 regarding a protective order.[1] Relator, Beverly Englund, opposes this motion. Below, I address the parties' arguments.

////

---

[1] CMAC is not a party to this lawsuit. The parties served CMAC with a subpoena duces tecum. Defendant Los Angeles County (LA County) has filed a joinder to CMAC's motion to reconsider.

1

# I.

## STANDARDS FOR MOTIONS TO RECONSIDER

The standard employed by the district court in reviewing decisions of the magistrate judge depends upon the character of the underlying decision. Non-dispositive pre-trial motions referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) are reviewed under a clearly erroneous or contrary to law standard. See 28 U.S.C. § 636(b)(1)(A); United States v. Raddatz, 447 U.S. 667, 673 (1980). On the other hand, a magistrate judge's determination concerning matters referred pursuant to 28 U.S.C. § 636(b)(1)(B) are for the most part reviewed *de novo*. Thus, the district court reviews *de novo* those portions of the proposed findings of fact to which objection has been made, 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982), and the magistrate judge's conclusions of law. Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir. 1989) (citing Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983)). The court may, however, assume the correctness of that portion of the proposed findings of fact to which no objection has been made and decide the motion on applicable law. See United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989)(citing Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979)).

////

////

////

## II.

## DISCUSSION

Relator filed her original complaint for damages against Los Angeles County on February 17, 2004. Relator alleges that the county made false claims and/or conspired with others in order to receive unwarranted funds under the Federal Medicaid Program. The United States elected not to intervene in the suit. Relator served a number of subpoenas duces tecum on CMAC. CMAC subsequently requested a protective order to "protect confidentiality of materials produced under the subpoenas . . . ."[2] Mot. for Recon. at 2.

On December 6, 2005, the County and relator stipulated to a proposed protective order regarding the materials produced by CMAC. The proposed protective order provided that "[a]ll information produced by third party, CMAC, its current staff, employees, and commissioners, in this litigation (including but not limited to, in the course of discovery, deposition or in response to subpoena) is deemed "Confidential" and shall be treated as "Confidential" for all purposes." Stipulated Protective Order at 1-2. On December 9, 2005, the magistrate judge rejected that proposed protective order, holding that the parties failed to show good cause for the "blanket protective order" under Fed. R. Civ. P. 26(c) and <u>Foltz v. State Farm Mut. Aut. Ins. Co.</u>, 331 F.3d 1122, 1130 (9th Cir. 2003).

////

---

[2] CMAC explains that "specific amounts of SB 1255 are confidentially negotiated between CMAC and each SPCP hospital."

1    After relator filed a number of motions to compel, the
2 magistrate judge ordered CMAC and relator to confer and submit a
3 proposed joint protective order, or a separate proposed protective
4 orders if a joint order could not be agreed upon. The parties
5 conferred but failed to reach a compromise. On February 21, 2006,
6 the magistrate judge issued an order which stated that:

> Insofar as the December 22, 2005 motions to compel
> compliance with subpoenas duces tecum issued to the
> California Department of Health Services and the
> California Medical Commission, those motions will be
> granted subject to a protective order restricting the
> use of the documents produced to use in this litigation.
> This protective order will apply to documents which
> plaintiff did not have in her possession prior to
> production by the submitting party.

Order 2:8-13.

CMAC requests reconsideration of the February 21, 2006 order with regards to the terms of the protective order under which it is to produce the subpoenaed materials. Specifically, CMAC requests that the documents at issue be designated confidential and be filed under seal "in order to preserve the confidential and non-public nature of the materials produced by CMAC." CMAC's Mot. for Recon. at 4. CMAC explains that its "confidential rate information is too important to allow it to become public," and urges this court to revise the magistrate judge's February 21, 2006 Order. Id. at 4.

Although CMAC's confidentiality issues raise some concern for this court, it appears that the magistrate judge considered CMAC's confidentiality concerns before issuing the February 21 Order as the parties addressed such concerns in their proposed protective

4

1 orders.  He also considered the confidentiality concerns in both
2 hearings before him and in his December 9, 2005 Order.  On a motion
3 to reconsider, a magistrate judge's order is reviewed by this court
4 under a clearly erroneous or contrary to law standard.  <u>See</u> 28
5 U.S.C. § 636(b)(1)(A); Local Rule 72-303(f); <u>United States v.</u>
6 <u>Raddatz</u>, 447 U.S. 667, 673 (1980).  CMAC has failed to demonstrate
7 to this court that "clear error" has been committed by the
8 magistrate judge or that there are some changed circumstances which
9 warrant this court's reconsideration of the matter.

     Accordingly, CMAC's motion for reconsideration is DENIED.

     IT IS SO ORDERED.

     DATED:  March 22, 2006.

                            /s/Lawrence K. Karlton
                            LAWRENCE K. KARLTON
                            SENIOR JUDGE
                            UNITED STATES DISTRICT COURT