1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                 FOR THE EASTERN DISTRICT OF CALIFORNIA

9   UNITED STATES OF AMERICA,
    ex rel. BEVERLY ENGLUND,
10

11            Plaintiff,                No. CIV S-04-0282 LKK JFM

12       vs.

13   LOS ANGELES COUNTY,

14            Defendant.               <u>ORDER</u>

15   _____/

16            On March 29, 2006, plaintiff filed a notice of possible error in the court's order of

17   February 22, 2006.[1]  On April 14, 2006, third party California Medical Assistance Commission

18   ("CMAC") filed its opposition.

19            Plaintiff contends that this court's order filed February 22, 2006 may have

20   inadvertently omitted specific reference to the production of audiotapes from CMAC.  In its

21   underlying motion to compel production of documents sought via subpoena duces tecum,

22   plaintiff sought certain documents, audiotapes of CMAC closed sessions and emails.  During the

23   hearing on the motion, counsel withdrew its request for emails.  Plaintiff notes that the court's

24

25            [1]  Although counsel refers to this order as dated February 21, 2006, the date the order was
     signed, the order issued February 22, 2006, the date it was docketed.  The February 22, 2006 date
26   is the date this court considers the order effective.

                                            1

order was silent on the issue of audiotapes, ordering production of "any paper documents responsive to the subpoenas duces tecum." (Order at 3.)

CMAC opposes this request for an amended order arguing that the request is untimely because plaintiff failed to seek reconsideration within ten days. Local Rule 72-303. Moreover, CMAC argues that the request lacks merit because the order clearly specified production of only "paper documents."

A review of the underlying motion to compel reflects plaintiff sought all information responsive to the subpoena duces tecum, "including responsive information from the years 2001 through the present and information that resides solely in electronic format (including email)." (December 22, 2005 Motion at 2.) The joint statement filed prior to the hearing noted that CMAC had agreed to produce confidential hardcopy documents and CMAC closed session audio recordings for the period July 1, 1994 to January 1, 2002. (Id. at 21.) Counsel also noted the audio recordings had been withheld by CMAC on two subsequent passages of the joint statement. (Id. at 22, 24.)

Rule 60(a) of the Federal Rules of Civil Procedure states that a court may *sua sponte* order relief from a court order where a clerical mistake arises from oversight or omission. It was not this court's intent to omit from the order a provision that the closed session audio recordings be produced. These audio recordings are clearly responsive to the subpoena duces tecum. CMAC's claims of privilege as to these audio recordings are overruled. CMAC will be ordered to produce those audio recordings responsive to the underlying subpoena duces tecum within ten days from the date of this order. Said production will be subject to the protective order contained in this court's February 22, 2006 order.

Accordingly, IT IS HEREBY ORDERED that:

1. The February 22, 2006 order is modified to add the following orders:

a. Plaintiff's December 22, 2005 motion to compel CMAC to produce closed session audio recordings is granted.

2

1          b.  Within ten days from the date of this order, CMAC shall produce all

2    closed session audio tapes responsive to the subpoena duces tecum.

3          c.  All audio tapes produced are subject to a protective order and shall be

4    used only in connection with the conduct of this litigation.

5    DATED:  May 1, 2006.

6

7                                        UNITED STATES MAGISTRATE JUDGE

8

9    1; englund.60a

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26