1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,
     ex rel. BEVERLY ENGLUND,
11

12              Plaintiff,                    No. CIV S-04-0282 LKK JFM

13        vs.

14   LOS ANGELES COUNTY,

15              Defendant.                    ORDER

16   _____/

17              Plaintiff's March 22, 2006 motions to compel discovery came on regularly for

18   hearing May 4, 2006.  Jenny Teaford and Wendy Motooka appeared for plaintiff.  Erik Swanholt

19   and Billie Hausburg appeared for defendant.

20              At the outset of the hearing on these motions counsel for plaintiff claimed that

21   defendant was not participating in the conference required by Local Rule 37-251 in good faith in

22   an attempt to narrow and describe their differences.  Briefly stated the complaint was that the

23   conference appeared to result in substantial agreement only to lead to the assertion of new and

24   more comprehensive objections thereafter.  Somewhat to the court's surprise counsel appearing

25   for defendant acknowledged that he had not attended the conference:

26   /////

                                              1

1
2
3
4

Your Honor, I wasn't at those meet and confer sessions.  I believe
it – they're – that that is probably partially true.  I mean, there are
elements of that that are true.  During those sessions, it's my
understanding that we – that the County went to learn better what it
was plaintiff was seeking, and plaintiff's requests, that the County
then went back to its client, to the personnel at the County to
answer those questions, and . . . .

5   (Transcript of Proceedings, May 4, 2006, at page 5.)

6          This statement by counsel was consistent with earlier hearings in which persons

7   appearing for defendant appeared unable to comprehend how defendant could possibly meet its

8   obligations during discovery.  After a few repetitions one begins to suspect that difficulty of

9   comprehension may be more a tactic than a state of mind.  While this court has, for purposes of

10  this hearing, disregarded the failure of defendant to abide by the requirements of the Local Rules,

11  counsel are cautioned that further lapses, whether willful or negligent, may result in the

12  imposition of sanctions, either monetary or evidentiary, against defendant, or counsel, or both.

13         Upon review of the motions and the documents in support and opposition, upon

14  hearing the arguments of plaintiff and counsel and good cause appearing therefor, THE COURT

15  FINDS AS FOLLOWS:

16  I.  Motion to Compel Further Responses to Interrogatories Sets Nos. 1 & 2

17         The court will address the disputed interrogatories seriatim.

18
19

Interrogatory No. 1:  For each STATE fiscal year 1993/1994
through 2004/2005, separately state the amount of funds YOU
received from the STATE (including FEDERAL matching
amounts, where applicable) in:

20
21
22
23

a.  SPCP[1] per diem contract payments
b.  SB 1255 payments
c.  SB 855 payments
d.  GME payments[2]
e.  SB 1732 payments

/////

24

25         [1]  SPCP is an acronym for Selective Provider Contracting Program.

26         [2]  Specific responses and objections to this interrogatory 1(d) were not included in the
joint statement and therefore are not addressed herein.  (See Joint Statement at 24-25.)

f.  PROP. 99 payments
g.  REALIGNMENTS FUNDS allocated to YOUR HEALTH ACCOUNT

Defendant's objection as to records sought for fiscal year 1993/1994 is overruled. Because the county operates on fiscal years and plaintiff's complaint alleges these false claims occurred from January 1994, defendant must respond beginning with fiscal year 1993/1994.

Defendant's objection as to use of the terms "for state fiscal year" is overruled.

Defendant's objection that this interrogatory is seven different interrogatories which should count against the number of interrogatories plaintiff is permitted under Fed. R. Civ. P. 33(a) is overruled.

Defendant objects to the term "received."  Defendant states it is unclear whether plaintiff seeks information concerning funds received during the referenced fiscal year, or received at some other date but with reference to services rendered or contracts in effect during the referenced fiscal year.  Defendant states it does not maintain records on the basis of funds "received" for a particular fiscal year and even if it did, funds "received" by defendant during one year may relate to or be paid in consideration of services provided in other periods.  Moreover, these figures may change over time based on audits or other adjustments, such that the revenue related to services in a particular year may not be finally determined until one or two years following the end of the fiscal year in which the services were provided.  Defendant further objects that this interrogatory seeks a compilation of information from documents otherwise produced or available.  Finally, defendant contends the interrogatories exceed the scope of discovery as plaintiff's lawsuit is based on the SB 1255 and makes no reference to the other programs listed herein, nor did plaintiff in her deposition testify to having purportedly discovered or informed the federal government of fraud with regard to payments to these other funds.

Plaintiff responds that she seeks information for each fiscal year and that the fact that defendant contends revenue related to services in a particular year are "finally determined" one or more years after the end of the fiscal year demonstrates this information is available to

3

1  defendant.  Plaintiff argues that the fact that defendant does not maintain records on the basis of

2  funds received for a particular fiscal year does not relieve defendant of its obligation to ascertain

3  the "finally determined" revenue related to services for a particular year.  Fed. R. Civ. P. 33.

4  Plaintiff contends these requests are reasonably calculated to lead to the discovery of additional

5  information and defendant is the only source of this information.

6  　　　　　Finally, as to relevance, plaintiff argues that SB 1255 funds were to be a hospital's

7  last resort resource to fund inpatient services to Medi-Cal beneficiaries, after taking into account

8  the amount of revenue the hospital had received from SPCP per diem contract payments, SB 855

9  and SB 1732 payments.  Plaintiff contends that revenues received by defendant from these

10  alternative sources allowed defendant to operate its hospitals at a profit, even before counting SB

11  1255 funds.  Plaintiff argues that if the defendant was profitable without SB 1255 funds,

12  defendant could not qualify for distributions under SB 1255 because it could not demonstrate a

13  purpose for those funds as required by Cal. Welf. & Inst. Code § 14085.6(g)(4).

14  　　　　　Plaintiff contends the information from Prop. 99 and Realignment Funds is

15  relevant because these funds served as alternative sources of revenue for health care.  Plaintiff

16  will use this information to respond to defendant's argument that it was entitled to claim SB

17  1255 funds for non-Medicaid purposes such as indigent care.  Plaintiff argues that the Prop. 99

18  and Realignment Funds, in addition to SPCP per diem payments and the non-SB 1255 Medicaid

19  funds, will show that the defendant could not demonstrate a purpose for any SB 1255 funds for

20  any inpatient purpose, either Medicaid or non-Medicaid.

21  　　　　　Generally, if the information sought is contained in the responding party's files

22  and records, he or she is under a duty to search the records to provide the answers.  See Govas v.

23  Chalmers, 965 F.2d 298, 302 (7th Cir. 1992).  But where the information is contained in business

24  records and answering the question would require the responding party to engage in burdensome

25  or expensive research, the responding party may answer by specifying the records from which the

26  answer may be obtained and making them available for inspection by the party seeking

1  discovery.  See Fed R. Civ. P. 33(d); Daiflon, Inc. v. Allied Chem. Corp., 534 F.2d 221, 225

2  (10th Cir. 1976); and Adv. Comm. Notes to 1970 Amendment to Fed. R. Civ. P. 33.  The records

3  must be offered "in a manner that permits the same direct and economical access that is available

4  to the [responding] party."  If compilations and summaries exist, these should be made available.

5  Fed. R. Civ. P. 33(d), Adv. Comm. Notes (1980); Puerto Rico Aqueduct & Sewer Authority v.

6  Clow Corp., 108 F.R.D. 304, 306 (D. P.R. 1985); and see T.N. Taube Corp. v. Marine Midland

7  Mortg. Corp., 136 F.R.D. 449, 454 (W.D. N.C. 1991)(responding party's familiarity with its

8  records and methods of organization would facilitate review of records in ways unavailable to

9  opposing party).

10         If a party exercises this option, the responding party must 'specify the records'

11  from which the answer may be derived or ascertained.  The specification must be 'in sufficient

12  detail to permit the interrogating party to locate and to identify, as readily as can the party served,

13  the records from which the answer may be ascertained.'  Fed. R. Civ. P. 33(d); Cambridge

14  Electronics Corp. v. MGA Electronics, Inc., 227 F.R.D. 313, 323 (C.D. Cal. 2004) (referring to

15  'business records' without specifying particular documents insufficient).  At a minimum, the

16  specification must provide the category and location of the records from which the answers can

17  be derived.  Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Investment Corp., 711 F.2d 902,

18  906 (9th Cir. 1983)(designation of 'books of account, banking accounts, records, computer

19  printouts, ledgers and other documents' insufficient).  If the records are voluminous, the

20  responding party must produce an index designed to guide the searcher to the documents

21  responsive to the interrogatories.  O'Connor v. Boeing North American, Inc., 185 F.R.D. 272,

22  278 (C.D. Cal. 1999).

23         Addressing the subparts out of order, Interrogatory 1(b) seeks information

24  concerning SB 1255 monies which are at issue herein.  Plaintiff seeks information spanning a ten

25  year period of time and defendant concedes the information will derive from many different

26  places, i.e. audits, later adjustments, etc.  Accordingly, this court finds it would be less

1 burdensome for defendant to provide the compilation required than for plaintiff to attempt to

2 ferret the information from various documents and risk challenge by defendant that her

3 calculations were incorrect.  Because it appears audits have been performed, this information

4 must be readily available in some fashion to defendant.  Plaintiff's motion to compel further

5 responses to interrogatory 1(b) is granted.

6        The remaining subpart of the interrogatory, Interrogatories 1(a), 1(c), 1(e), 1(f)

7 and 1(g) seek information concerning payments to other funds which plaintiff contends were

8 alternative funding sources to SB 1255.  This information may lead to the discovery of

9 information admissible at trial, but counsel are reminded that the district court will make that

10 determination at the pretrial conference.  Plaintiff has made a sufficient showing under Fed. R.

11 Civ. P. 26(b)(1).  Defendant's objections are overruled.  Defendant shall answer interrogatories

12 1(a), 1(c), 1(e), 1(f) and 1(g) by making available for inspection defendant's Comprehensive

13 Audited Financial Reports (CAPS) which reflect revenue from all sources.  It appears here that

14 plaintiff could compile the necessary information from these particular reports just as well as

15 defendant.  Defendant is ordered to produce for inspection the CAPS for the period at issue here.

16 In all other respects, plaintiff's motion to compel defendant to further answer is denied.

17        <u>Interrogatory No. 2</u>:  For each STATE fiscal year 1994/1995
through 2004/2005, separately state the amount of general purpose
18        revenues YOU allocated to:

19        a.  maintaining the level of YOUR financial support for health
services as required by Welfare and Institutions Code section
20        16990.

21        b.  YOUR HEALTH ACCOUNT as a condition of receiving funds
from the Sales Tax Account of the Local Revenue Fund, pursuant
22        to Welfare and Institutions Code section 17608.10(a).

23        c.  YOUR HEALTH ACCOUNT as a condition of receiving funds
from the Sales Tax account of the Local Revenue Fund, pursuant
24        to Welfare and Institutions Code section 17608.10(b).

25 /////

26 /////

1   Defendant's objection as to records sought for fiscal year 1993/1994 is overruled.

2   Because the county operates on fiscal years and plaintiff's complaint alleges these false claims

3   occurred from January 1994, defendant must respond beginning with fiscal year 1993/1994.

4   Defendant's objection as to use of the terms "for state fiscal year" is overruled.

5   Defendant's objection that this interrogatory is three different interrogatories

6   which should count against the number of interrogatories plaintiff is permitted under Fed. R. Civ.

7   P. 33(a) is overruled.

8   Interrogatory 2(a) - maintaining the level of YOUR financial support for health
    services as required by Welfare and Institutions Code section 16990

9

10   Plaintiff anticipates defendant may raise as a defense that its costs of providing

11   hospital services to indigent patients constitutes a proper purpose for SB 1255 funds.  Thus,

12   plaintiff seeks to understand the extent to which defendant's total hospital expenditures exceeded

13   its revenues for hospitals, in the event defendant raises this defense.  Defendant objects that this

14   question calls for legal conclusions and seeks information which is not relevant to any claim or

15   defense.  Defendant's objections are overruled.  Plaintiff's motion to compel further answer to

16   interrogatory 2(a) is granted.

17   Interrogatory 2(b).  YOUR HEALTH ACCOUNT as a condition of
     receiving funds from the Sales Tax Account of the Local Revenue
18   Fund, pursuant to Welfare and Institutions Code section
     17608.10(a).
19
     Interrogatory 2(c).  YOUR HEALTH ACCOUNT as a condition of
20   receiving funds from the Sales Tax account of the Local Revenue
     Fund, pursuant to Welfare and Institutions Code section
21   17608.10(b).

22   Defendant's objection to use of the word "condition" is overruled.

23   Defendant objects that this question calls for legal conclusions and seeks

24   information which is not relevant to any claim or defense.  Defendant further contends that the

25   amounts of general purpose revenues defendant allocated are irrelevant to any claim or defense

26   and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant points

7

out that plaintiff claims defendant violated Cal. Welf. & Inst. Code § 14085.6, not sections 16990 and 17608.10(a) and (b).  In addition, defendant notes plaintiff has not disputed defendant's entitlement to SB 1255 funds for a given year; plaintiff disputes defendant's use of those funds.

Defendant's arguments are overruled.  Plaintiff's motion to compel further answers to interrogatories 2(b) and 2(c) is granted.

The next three interrogatories are related in that they seek information relevant to defendant's defense of "public disclosure."  (May 10, 2005 Answer, "Eighth Affirmative Defense," at 11; see also August 30, 2005 Order at 18-27.)  The court will address these interrogatories together.

> Interrogatory No. 6:  Identify each public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media that YOU claim this LAWSUIT is based upon.

> Interrogatory No. 9:  State ALL facts that support, in any way, YOUR claim that this LAWSUIT is based upon the public disclosure of allegations or transactions in a criminal, civil or administrative hearing, in a congressional, administrative, or Government accounting Office report, hearing, audit, or investigation, or from the news media.  This interrogatory includes, without limitation, describing in detail each public disclosure that YOU claim this LAWSUIT is based upon.

> Interrogatory No. 10:  Identify by Bates number each DOCUMENT that contains or refers to each public disclosure identified in response to Interrogatory No. 9.

> Defendant amended its response to No. 6 as follows:

> Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to documents Bates labeled DEF36035-DEF39106 and reserves the right to supplement this response with additional documents as those become known to Defendant.

(Joint Statement at 34.)  In its answers to Nos. 9 and 10, defendant referred plaintiff to its answer to No. 6.

/////

Defendant incorporated many of its objections raised above.  Defendant objects that plaintiff is asking plaintiff to compile defendant's legal theories, which are protected by the attorney work product doctrine.

Plaintiff responds that unless the defendant is claiming that each of the 3,000 pages of documents constitutes a public disclosure, defendant's response is non-responsive.

Plaintiff is entitled to receive the facts supporting defendant's defense in this action.  Citing to 3,000 pages of documents is insufficient.  The district court has previously noted defendant's failure to adequately label exhibits it claimed contained "public disclosure." (See August 30, 2005 Order at 18-19 & n.25.)  Rule 26(b)(1) of the Federal Rules of Civil Procedure entitles plaintiff to discover any matter relevant to the claim or defense of any party. Id.  Plaintiff's motion to compel further responses to Interrogatory Nos. 6, 9 and 10 is granted.

> Interrogatory No. 11:  What do YOU contend was required of YOU in order to be able to demonstrate a "purpose" under California Welfare and Institutions Code 14085.6 for SB 1255 funds?  [Please include in YOUR answer each and every requirement YOU believe was imposed by SB 1255 to make this showing, with reference to specific statute, regulation or regulatory guidance.]

Defendant incorporates its general objections and objects on the ground that this question "seeks information relating to irrelevant matters."  (Joint Statement at 37.)  Defendant contends the statute, by its terms, was to be interpreted and applied by CMAC on behalf of the State Department of Health Services.  Defendant's applications for SB 1255 funding were received, processed and approved by CMAC on behalf of State DHS.

Defendant's amended response states:

> All documents and information presented to CMAC by Defendant for the contract years FY 1994/1995 to FY 2004/2005 have been produced by Defendant, to the extent such documents now exist, in response to Plaintiff's First Request for Production of Documents. Defendant refers Plaintiff to the documents.

/////

/////

> In addition, Defendant understands that CMAC produced documents to Plaintiff in response to Plaintiff's subpoenas. Defendant refers plaintiff to those documents as well.

(Joint Statement at 37.)

Defendant further objects that this question asks defendant to interpret the term "purpose," which improperly extends to an issue of pure law. Defendant also objects that the interpretation of "purpose" is neither relevant to plaintiff's claim nor defendant's defenses.

Plaintiff alleges defendant was unable to demonstrate a purpose under California Welfare and Institutions Code § 14085.6 for SB 1255 funds and argues this interrogatory "asks the County to state what it contends it was required to do to be able to demonstrate a 'purpose' . . . ." (Joint Statement at 38.) The court finds defendant's objection that the interrogatory requires defendant to provide a legal interpretation of the word "purpose" is well-taken and appears to be the main issue in dispute in this action.[3] Plaintiff's motion to compel further response to this interrogatory is denied.

II.  Motion to Compel Responses and Further Responses to Requests for Admissions

Initially, the court notes that it appears defendant is not clear how requests for admissions work in federal court. Rule 36 of the Federal Rules of Civil Procedure governs requests for admissions, set forth below in pertinent part:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. . . .

___

[3]  The court notes that defendant stated "SB 1255, however, required only that the County demonstrate a general purpose for additional funding to be eligible to negotiate in the first place; neither it nor any other law required the County to demonstrate how each dollar received under SB 1255 was or would be spent." (Joint Statement re Interrogatories Set One & Two, at 7.) Defendant also stated Section 14085.6 "required only that the County demonstrate a general purpose for additional funding to be eligible to negotiate in the first place; neither it nor any other law required the County to demonstrate how each dollar received under SB 1255 was or would be spent." (Joint Statement re Requests for Admission at 7.)

1      Each matter of which an admission is requested shall be separately
2  set forth. The matter is admitted unless, within 30 days after
  service of the request, or within such shorter or longer time as the
3  court may allow or as the parties may agree to in writing, subject to
  Rule 29, the party to whom the request is directed serves upon the
4  party requesting the admission a written answer or objection
  addressed to the matter, signed by the party or by the party's
5  attorney. If objection is made, the reasons therefor shall be stated.
  The answer shall specifically deny the matter or set forth in detail
6  the reasons why the answering party cannot truthfully admit or
  deny the matter. A denial shall fairly meet the substance of the
7  requested admission, and when good faith requires that a party
  qualify an answer or deny only a part of the matter of which an
8  admission is requested, the party shall specify so much of it as is
  true and qualify or deny the remainder. An answering party may
9  not give lack of information or knowledge as a reason for failure to
  admit or deny unless the party states that the party has made
10 reasonable inquiry and that the information known or readily
  obtainable by the party is insufficient to enable the party to admit
11 or deny. A party who considers that a matter of which an admission
  has been requested presents a genuine issue for trial may not, on
12 that ground alone, object to the request; the party may, subject to
  the provisions of Rule 37(c), deny the matter or set forth reasons
13 why the party cannot admit or deny it.

14     The party who has requested the admissions may move to
  determine the sufficiency of the answers or objections. Unless the
15 court determines that an objection is justified, it shall order that an
  answer be served. If the court determines that an answer does not
16 comply with the requirements of this rule, it may order either that
  the matter is admitted or that an amended answer be served. The
17 court may, in lieu of these orders, determine that final disposition
  of the request be made at a pre-trial conference or at a designated
18 time prior to trial. The provisions of Rule 37(a)(4) apply to the
  award of expenses incurred in relation to the motion.

19 Fed. R. Civ. P. 36(a).  Requests for admissions may not contain compound, conjunctive, or

20 disjunctive (e.g., 'and/or') statements.  Herrera v. Scully, 143 F.R.D. 545, 549 (S.D. N.Y. 1992).

21     The Federal Rules are intended "to secure the just, speedy, and
  inexpensive determination of every action."  Fed. R. Civ. P. 1.[4]
22 Parties may not view requests for admission as a mere procedural
  exercise requiring minimally acceptable conduct. They should
23 /////

24 _____

25    [4] Dissatisfaction with high costs and obstructionist tactics led to the passage of the 1993
amendments to the Federal Rules. These include new automatic disclosure requirements under
Rule 26(a)(1)-(4). "The litigants should not indulge in gamesmanship with respect to the
26 disclosure obligations."  Fed. R. Civ. P. 26, Advisory Committee Notes on 1993 Amendment.

1       focus on the goal of the Rules, full and efficient discovery, not
2       evasion and word play.

3   Marchand v. Mercy Med. Ctr., 22 F.3d 933, 938 (9th Cir. 1994)(citation omitted).

4           Instead of responding, the party to whom requests for admissions have been

5   directed may promptly move for a protective order.  Fed. R. Civ. P.  26(c).  As noted by plaintiff,

6   defendant may not amend responses to requests for admission absent court order:

7           Any matter admitted under this rule is conclusively established
            unless the court on motion permits withdrawal or amendment of
8           the admission. Subject to the provision of Rule 16 governing
            amendment of a pre-trial order, the court may permit withdrawal or
9           amendment when the presentation of the merits of the action will
            be subserved thereby and the party who obtained the admission
10          fails to satisfy the court that withdrawal or amendment will
            prejudice that party in maintaining the action or defense on the
11          merits. Any admission made by a party under this rule is for the
            purpose of the pending action only and is not an admission for any
12          other purpose nor may it be used against the party in any other
            proceeding.
13

14  Fed. R. Civ. P. 36(b).

15          A party may not avoid responding based on technicalities.  Fed. R. Civ. P.  36(a).

16  For example, a party who is unable to agree with the exact wording of the request for admission

17  should agree to an alternate wording or stipulation.  See Marchand, 22 F.3d at 938, citing

18  Milgram Food Stores, Inc. v. United States, 558 F.Supp. 629, 636 (W.D. MO 1983).  When the

19  purpose and significance of a request are reasonably clear, courts do not permit denials based on

20  an overly-technical reading of the request.  Holmgren v. State Farm Mut. Auto.Ins. Co., 976 F.2d

21  573, 580 (9th Cir. 1992) ("Epistemological doubts speak highly of (party's) philosophical

22  sophistication, but poorly of its respect for Rule 36(a).")

23          Instead of admitting or denying the request for admission, a party may respond by

24  claiming inability (lack of sufficient information) to admit or deny the matter stated in the

25  request. Fed. R. Civ. P.  36(a).  But a party responding in this manner must also state that he or

26  she has made 'reasonable inquiry and that the information known or readily obtainable by the

party is insufficient to enable the party to admit or deny.' Fed. R. Civ. P. 36(a); <u>Asea, Inc. v. Southern Pac. Transp. Co.</u>, 669 F.2d 1241, 1245-1246 (9th Cir. 1981). The responding party is required to undertake a 'good faith' investigation of sources reasonably available to him or her in formulating answers to request for admissions (similar to the duty owed in responding to interrogatories). Adv. Comm. Notes (1970) to Fed. R. Civ. P. 36(a).

"Reasonable inquiry" is limited to persons and documents within the responding party's control (e.g., its employees, partners, corporate affiliates, etc.). It does not require the responding party to interview or subpoena records from independent third parties in order to admit or deny a Request for admission. <u>T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.</u>, 174 F.R.D. 38, 43 (S.D. N.Y. 1997); <u>but see</u> <u>Uniden America Corp. v. Ericsson Inc.</u>, 181 F.R.D. 302, 304 (M.D. N.C. 1998)(responding party must make inquiry of a third party "when there is some identity of interest manifested, such as by both being parties to the litigation, a present or prior relationship of mutual concerns, or their active cooperation in the litigation, and when there is no manifest or potential conflict with the third party.") Likewise, a party cannot be forced to admit or deny facts testified to by a third party witness as to which the responding party has no personal knowledge. <u>T. Rowe Price Small-Cap Fund, Inc.</u>, 174 F.R.D. at 46 (Request for admission asked party to admit or deny that third party actually held beliefs to which he testified); <u>but see</u> <u>Uniden America Corp.</u>, 181 F.R.D. at 304 (if third party has given deposition testimony regarding the matter, responding party "can be compelled via Rule 36 to admit or deny, that is to indicate whether it will introduce contrary evidence.") Because request for admissions can have dire consequences, the responding party's duty to obtain information is no broader than that owed in responding to interrogatories; i.e., generally limited to obtaining information from persons and entities over which it has actual control.

The responding party's simple statement that he or she has made a "reasonable" inquiry and is unable to admit or deny the request because insufficient information is available may not suffice as an answer to the request for admission. Moreover, the fact that the party has

1   not done so may be asserted as a basis for challenging the response.  Asea, Inc., 669 F.2d at 1245

2   (court may order matters admitted where information known or readily obtainable was sufficient

3   to enable responding party to admit or deny.)  Alternatively, costs may be awarded against a party

4   for failure to inform himself or herself before answering, as provided by Rule 37(c).  Fed. R. Civ.

5   P. 36(a), Adv. Comm. Notes (1970).

6          Finally, it is not ground for objection that the request is "ambiguous" unless so

7   ambiguous that the responding party cannot, in good faith, frame an intelligent reply.  Parties

8   should "admit to the fullest extent possible, and explain in detail why other portions of a request

9   may not be admitted."  Failure to do so may result in sanctions.  Marchand, 22 F.3d at 938.

10                              REQUESTS AT ISSUE

11         In the instant case, the parties have put together the requests that are similar

12  except for the date the request covers, or similar nonsubstantive differences.  The court will

13  address the disputed requests by first addressing the request provided as an example; the ruling

14  on that request will then apply to all other requests contained in that series.

15         Requests for Admissions 3, 24, 45, 66, 87, 109, 131, 153, 175, 198 and 221

16                                      ("Series 3 Requests")

17         Request for Admission 3:  Admit that during YOUR negotiations
           with CMAC for STATE fiscal year 1994-1995 YOU represented to
18         CMAC that YOU had a need for money from the SB 1255
           PROGRAM of at least as much as the amount of money YOU
19         received from the SB 1255 PROGRAM money for that fiscal year.

20         Defendant's original response to Request for Admission No. 3:
           Defendant objects to this request on the ground that it is compound
21         and unintelligible, in that it is rendered vague and ambiguous by
           the use of the undefined terms "for State fiscal year 1994/1995,"
22         "represented," "need for," and "received from."

23         In its second amended response, defendant stated that "without waiving its

24  objections, however, Defendant admits that 'Provider [County]. . . demonstrated a need for

25  additional payments in State fiscal year 1994-95. . . ."  (Joint Statement at 17.)  Plaintiff contends

26  this answer does not respond to the request.

1    Defendant's objections as to ambiguous or vague use of language are overruled.

2    The request as stated is not unintelligible or compound.  Defendant's attempts to amend its

3    response are disallowed.  Plaintiff's motion to compel a response to request for admissions No. 3

4    is granted.  Within fifteen days from the date of this order, defendant shall answer the request

5    without further objection, either admitting or denying the request as required by Fed. R. Civ. P.

6    36(a).  Defendant is cautioned that failure to comply will result in its admission.  As noted above,

7    this ruling shall also apply to Requests for Admissions Nos. 24, 45, 66, 87, 109, 131, 153, 175,

8    198 and 221.

9    <u>Requests for Admissions Nos. 20, 41, 62, 93, 104, 126, 148, 170, 192, 215 and 238</u>

10    ("Series 20" Requests)

11    <u>Request for Admission No. 20:</u>  Admit that for STATE fiscal year

12    1994/1995 YOU did not place any of the money YOU received
     from the SB 1255 PROGRAM in a reserve for use by the County
     DHS in the future.

13

14    <u>Defendant's Original Response to Request for Admission No. 20:</u>
     Defendant objects to the request on the ground that in the context
     of the request, the undefined terms "for State fiscal year

15    1994/1995," "money you received," "from the SB 1255 program,"
     "reserve" and "use" render the request vague and ambiguous.

16    Defendant further objects on the ground that the subject matter of
     this request is not relevant, making this request burdensome and

17    oppressive and beyond the scope of proper discovery, in that no
     state or federal statute or regulation imposes such an obligation on

18    defendant.

19    Defendant argues that it is clear from plaintiff's March 9, 2006 meet and confer

20    letter that plaintiff is seeking admissions related to a contract between the CMAC and the

21    defendant requiring the defendant to "establish a reserve for surplus funds."  (Joint Statement at

22    25.)  However, defendant contends that contract is not required by SB 1255, so its breach, if any,

23    could not support a federal False Claims Act claim.  (Joint Statement at 25.)  Defendant argues

24    that plaintiff has not demonstrated how this reserve, if created, would be relevant to this lawsuit.

25    Plaintiff argues that defendant's objections to various terms are unfounded

26    because the language in the contracts between CMAC and the defendant for state fiscal years

15

1996/1997 through 2001/2002 contained a requirement that mirrors these requests.  Plaintiff

contends the request here is simply "for each State Fiscal year, did the County put any of the SB

1255 money into a reserve?"  (Joint Statement at 23.)

Defendant's objections as to ambiguous or vague use of language are overruled.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or

defense of any party. . . .Relevant information need not be admissible at the trial if the discovery

appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P.

26(b)(1).  The court finds this request is relevant to plaintiff's claim herein.  Defendant's

attempts to amend its response are disallowed.  Plaintiff's motion to compel a response to request

for admissions No. 20 is granted.  Within fifteen days from the date of this order, defendant shall

answer this request without further objection, either admitting or denying the request as required

by Fed. R. Civ. P. 36(a).  Defendant is cautioned that failure to comply will result in its

admission.  As noted above, this ruling shall also apply to Requests for Admissions Nos. 41, 62,

93, 104, 126, 148, 170, 192, 215 and 238.

Requests for Admissions Nos. 4, 25, 46, 67, 88, 110, 132, 154, 176, 199 and 122

("Series 4" Requests)

As an example of these disputed requests, the parties have provided request no. 4.

Request for Admission No. 4:  Admit that for STATE fiscal year
1994/1995 YOU made an IGT to the STATE understanding that
the STATE would obtain "matching funds" from the
GOVERNMENT for the SB 1255 disbursement to you.

Original Response to Request for Admission No. 4:  Defendant
objects to this request on the ground that in the context of this
request, the use of the undefined terms "for State fiscal year
1994/1995" and "understanding" render the request vague and
ambiguous, and further objects on the ground that the request calls
for legal conclusions as to the meaning of statutes.  If this request
is intended to ask solely whether defendant believed that the State
would follow the funding procedures established in California
Welfare & Institutions Code § 14085.6 in making SB 1255
disbursements to defendant during the period 1994-1995, then
defendant responds:  admitted.  If this request is intended to have
any other or additional meaning, then defendant does not

16

1    understand the request and responds:  denied.

2            Defendant's objections as to ambiguous or vague use of language are overruled.

3    Defendant's attempts to amend its response are disallowed.  Defendant has admitted it believed

4    that the State would follow the funding procedures established in California Welfare &

5    Institutions Code § 14085.6 in making SB 1255 disbursements to defendant during the period

6    1994-1995.  However, because the request said nothing about § 14085.6 or any other statute,

7    defendant is required to provide a new response that is responsive to the specific request.

8            Plaintiff's motion to compel a response to request for admissions No. 4 is granted.

9    Within fifteen days from the date of this order, defendant shall answer this request without

10   further objection, either admitting or denying the request as required by Fed. R. Civ. P. 36(a).

11   Defendant is cautioned that failure to comply will result in its admission.  As noted above,

12   this ruling shall also apply to Requests for Admissions Nos. 25, 46, 67, 88, 110, 132, 154, 176,

13   199 and 122.

14            <u>Requests for Admissions Nos. 5, 26, 47, 68, 89, 111, 133, 155, 177, 200 and 223</u>

15                              ("Series 5" Requests)

16            As an example of these disputed requests, the parties have provided request no. 5.

17   <u>Request for Admission No. 5</u>:  Admit that for STATE fiscal year
     1994/1995 YOU made an IGT to the STATE pursuant to an
18   agreement regarding the amount of funds the STATE would
     disburse to YOU from the SB 1255 program.

19
     <u>Original Response to Request for Admission No. 5</u>:  Defendant
20   objects to this request on the ground that in the context of this
     request, the use of the undefined them "pursuant to an agreement
21   regarding the amount of funds" renders the request ambiguous in
     that, inter alia, it fails to identify what "agreement" is intended to
22   be referenced.  Without waiving such objection, and based upon
     the specific assumption that the request is intended to ask solely
23   whether the State and the County agreed on the dollar amount of
     the IGT(s) to be provided by the County to the State pursuant to
24   California Welfare & Institutions Code § 14085.6 during the period
     1994-1995, defendant responds:  admitted.  If this request is
25   intended to have any other or additional meaning, then defendant
     does not understand the request and responds:  denied.

26

1   Defendant incorporated its ambiguous and vague objections.  Plaintiff states that

2   defendant acknowledged at the March 30 conference that there were such agreements and offered

3   to admit this response if plaintiff would re-propound the request, citing specific contracts for

4   each fiscal year by bates number.

5   Defendant's objections as to ambiguous or vague use of language are overruled.

6   Defendant's attempts to amend its response are disallowed.  Defendant has admitted that the

7   State and the County agreed on the dollar amount of the IGT(s) to be provided by the County to

8   the State pursuant to California Welfare & Institutions Code § 14085.6 during the period 1994-

9   1995.  However, defendant has acknowledged the existence of such agreements (see Joint

10  Statement at 30-31) and must answer this request anew, without further objection.  Plaintiff's

11  motion to compel a response to request for admissions No. 5 is granted.  Within fifteen days

12  from the date of this order, defendant shall answer this request without further objection, either

13  admitting or denying the request as required by Fed. R. Civ. P. 36(a).  Defendant is cautioned

14  that failure to comply will result in its admission.  As noted above, this ruling shall also apply to

15  Requests for Admissions Nos. 26, 47, 68, 89, 111, 133, 155, 177, 200 and 223.

16  <u>Requests for Admissions Nos. 11, 32, 53, 74, 95, 117, 139, 161, 182, 206 & 229</u>

17  ("Series 11" Requests)

18  The parties addressed these requests together as defendant's responses to them

19  were substantively identical.

20  <u>Request for Admission No. 11</u>:  Admit that in each STATE fiscal
    year 1994/1995 YOU did not spend all of the funds YOU received

21  under the SB 1255 Program on Medicaid inpatient hospital
    services as defined in the approved State Plan in effect for that

22  fiscal year.

23  <u>Original Response to Request for Admission No. 11</u>:  Defendant
    objects to this request on the ground that in the context of the

24  request, due to the use of the undefined terms "in each State fiscal
    year 1994/1995," "spend," "funds," "received under," "on,"

25  "Medicaid inpatient hospital services" and "as defined in the
    approved State Plan," the request is compound, vague, ambiguous

26  and unintelligible in that, among other things, the request appears

18

to assume, contrary to fact (and contrary to federal Medicaid law, which would not have permitted the State to pay the County in advance for services not yet rendered), that certain sums disbursed to the County pursuant to the terms of the County's Medi-Cal Inpatient Hospital Contract, including appendices and amendments, were advance payments for services which would be rendered by the County in the future, whereas that contract expressly provides that such sums are one portion of the compensation which would be paid to the County for services which the County provided pursuant to such contract[.]  Defendant additionally objects on the ground that the subject matter of the request is irrelevant in that, inter alia, the terms of Cal. Welf. & Inst. Code § 14085.6 expressly provide that funds may be for purposes other than inpatient hospital services.  Without waiving such objections, and on the assumption that the subject matter of this request is whether between July 1, 1994, and June 30, 1995 disbursements received by the County under SB 1255 were used to support the operating expenses of hospitals that are identified in the County's Medi-Cal Inpatient Hospital Contract, defendant responds:  denied.

(Joint Statement at 32-33.)

Defendant contends all of the requests in requests Nos. 11, 32, 53, 74, 95, 117, 139, 161, 182, 206 and 229 ("Series 11") are compound and irrelevant to any claim or defense herein.  Defendant also incorporated its objections that this information is not relevant, incorporating its objections concerning relevance.  Defendant further objects that these requests include incorrect facts, arguing that requests for admissions that contain an isolated bit of truth are improper if the requests, standing alone out of the context of the whole truth, elicits or conveys unwarranted and unfair inferences.  Johnstone v. Cronlund, 25 F.R.D. 42, 44 (E.D. Pa. 1960).

Defendant's objections as to ambiguous or vague use of language are overruled. Defendant's attempts to amend its response are disallowed.  The information plaintiff seeks is relevant.  Plaintiff's motion to compel a response to request for admissions No. 11 is granted. Within fifteen days from the date of this order, defendant shall answer this request without further objection, either admitting or denying the request as required by Fed. R. Civ. P. 36(a). Defendant is cautioned that failure to comply will result in its admission.  As noted above, this

1  ruling shall also apply to Requests for Admissions Nos. 32, 53, 74, 95, 117, 139, 161, 182, 206

2  and 229.

3       Requests for Admissions Nos. 15, 36, 57, 78, 99, 121, 143, 165, 186, 210 & 23

4  (Series 15 Requests)

5       The parties addressed these requests together as defendant's responses to them

6  were substantively identical.

7       Request for Admission No. 15:  Admit that for STATE fiscal year
   1994/1995 YOU did not spend all of the federal funds YOU
8  received under the SB 1255 PROGRAM on Medicaid inpatient
   hospital services as defined in the approved State Plan in effect for
9  that fiscal year.

10       Original Response to Request for Admission No. 15:  Defendant
   objects to this request on the ground that in the context of the
11  request, the undefined terms "for State fiscal year 1994/1995,"
   "spend," "federal funds," "received under," "on," "Medicaid
12  inpatient hospital services," and "as defined in the approved State
   Plan" are vague and ambiguous, and render the request
13  unintelligible, in that, among other things, the request appears to
   assume that sums disbursed to defendant pursuant to the terms of
14  the Medi-Cal Inpatient Hospital Contract, including appendices
   and amendments thereto, were advance payments for services
15  which would be rendered by defendant in the future, whereas in
   fact that contract expressly provides that such sums are a portion of
16  the County's compensation for services which the County provided
   pursuant to such contract (and federal Medicaid law would not
17  have permitted the State to pay the County in advance for services
   not yet rendered).  Defendant additionally objects on the ground
18  that the subject matter of the request is irrelevant to that, inter alia,
   the terms of Cal. Welf. & Inst. Code § 14085.6 expressly provide
19  that funds may be for purposes other than inpatient hospital
   services.  Without waiving such objections, and on the assumption
20  that the subject matter of this request is whether between July 1,
   1994 and June 30, 1995, disbursements received by the County
21  under SB 1255 were used to support the operating expenses of
   hospitals that are identified in the County's Medi-Cal Inpatient
22  Hospital Contract, defendant responds:  denied.

23  (Joint Statement at 34-35.)

24       Defendant raises vague and ambiguous objections and argues the requests are

25  compound.  Defendant further argues the subject matter is irrelevant to the claims herein because

26  the terms of Cal. Welf. & Inst. Code § 14085.6 expressly provide that funds may be for purposes

other than inpatient hospital services.  Defendant also incorporated its objections from the category 7 discussion.  Defendant further objects that these requests include incorrect facts, arguing that requests for admissions that contain an isolated bit of truth are improper if the requests, standing alone out of the context of the whole truth, elicits or conveys unwarranted and unfair inferences.  Johnstone, 25 F.R.D. at 44.

Plaintiff contends her request asked nothing about "operating expenses of hospitals," and states that despite her efforts to explain the problems with defendants' answers at the January 3 meeting, where defendant promised to amend their responses, defendant amended its responses by deleting all of the explanatory language.

Defendant's objections as to ambiguous or vague use of language are overruled. The request is not compound and seeks relevant information.  Defendant's attempts to amend its response are disallowed.  Defendant has denied that between July 1, 1994 and June 30, 1995, disbursements received by the County under SB 1255 were used to support the operating expenses of hospitals that are identified in the County's Medi-Cal Inpatient Hospital Contract. However, because plaintiff did not request information concerning the operating expenses of hospitals, defendant will be required to answer anew.  Plaintiff's motion to compel a response to request for admissions No. 15 is granted.  Within fifteen days from the date of this order, defendant shall answer these requests without further objection, either admitting or denying the request as required by Fed. R. Civ. P. 36(a).  Defendant is cautioned that failure to comply will result in its admission.  As noted above, this ruling shall also apply to Requests for Admissions Nos. 36, 57, 78, 99, 121, 143, 165, 186, 210 & 23.

Requests for Admissions Nos. 13, 34, 55, 76, 97, 119, 141, 163, 184, 208 and 231

(Series 13 Requests)

Request for Admission No. 13:  Admit that for STATE fiscal year 1994/1995 YOU did not spend all of the funds YOU received from the SB 1255 PROGRAM on Medicaid allowable expenses.

/////

<u>Original Response to Request for Admission No. 13</u>:  Defendant objects to this request on the grounds that in  ground that in the context of the request, the undefined terms "for State fiscal year 1994/1995," "spend," "funds," "received from," and "Medicaid allowable expenses" are vague and ambiguous, and render the request unintelligible, in that, among other things, the request appears to assume, contrary to fact, that suns disbursed to defendant pursuant to the terms of the MediCal Inpatient Hospital Contract, including appendices and amendments thereto, were advance payments for services which would be rendered by defendant in the future, whereas that contract expressly provides that such sums are a portion of the compensation for services which the County provided pursuant to such contract (and federal Medicaid law would not have permitted the State to pay the County in advance for services not yet rendered).  Defendant additionally objects on the ground that the subject matter of the request is irrelevant to that, inter alia, the terms of Cal. Welf. & Inst. Code § 14085.6 do not restrict the use of funds disbursed under SB 1255 to "Medicaid allowable expenses."  Without waiving such objections, and on the assumption that the subject matter of this request is whether between July 1, 1994 and June 30, 1995, disbursements received by the County under SB 1255 were used to support the operating expenses of hospitals that are identified in the County's Medi-Cal Inpatient Hospital Contract[,] defendant responds:  denied.

Plaintiff contends that defendant's objections to terms are hyper technical and without merit.  Plaintiff points out her requests asked nothing about "operating expenses of hospitals," but asked defendant to admit that the funds it received from the SB 1255 program were in fact spent "on Medicaid allowable expenses."

Plaintiff adds that during the January 3 conference, defendant stated it could not answer this series because it does not track the uses to which SB 1255 funds are put, explaining that the County contends it has no obligation to do so.  Thus, the County is unable to identify the actual uses to which it put the money it received from the SB 1255 Program.  However, defendant did not amend its responses to include this answer.

Defendant incorporates all of its vague and ambiguous objections, its objection concerning relevance, and argues these requests include incorrect facts which preclude defendant from answering.

/////

22

1   Defendant's objections as to ambiguous or vague use of language are overruled.

2   The request is not compound and seeks relevant information.  Defendant's attempts to amend its

3   response are disallowed.  Defendant has denied that between July 1, 1994 and June 30, 1995,

4   disbursements received by the County under SB 1255 were used to support the operating

5   expenses of hospitals that are identified in the County's Medi-Cal Inpatient Hospital Contract.

6   However, because plaintiff did not request information concerning the operating expenses of

7   hospitals, defendant will be required to answer anew.  Plaintiff's motion to compel a response to

8   request for admissions No. 13 is granted.  Within fifteen days from the date of this order,

9   defendant shall answer this request without further objection, either admitting or denying the

10  request as required by Fed. R. Civ. P. 36(a).  Defendant is cautioned that failure to comply will

11  result in its admission.  As noted above, this ruling shall also apply to Requests for Admissions

12  Nos. 34, 55, 76, 97, 119, 141, 163, 184, 208 and 231.

13  <u>Requests for Admission Nos. 107, 129, 151, 173, 195, 218 and 241</u>

14  ("107 Series" Requests)

15  <u>Request For Admission No. 107</u>:  Admit that prior to accepting
    funds from the SB 1255 PROGRAM for STATE fiscal year
16  1998/1999 YOU knew of the conditions set forth in the letter from
    Mike Fiore to J. Douglas R. Porter, a copy of which is attached as
17  Exhibit A.

18  <u>Original Response to Request for Admission No. 107</u>:  Defendant
    objects to this request on the ground that in the context of this
19  request, use of the undefined terms "for State fiscal year
    1998/1999" and "conditions" render this request vague, ambiguous
20  and compound, particularly in light of the fact that there are
    numerous "conditions" (albeit conditions imposed upon the State,
21  not upon the County of Los Angeles) set forth in Exhibit A to
    plaintiff's Requests for Admissions.  Defendant also objects to the
22  use of the word "you" in this request, in that the letter is dated
    November 23, 1999, and from that date to the present the County
23  has had an average of approximately 23,000 employees at any
    given time; the County has no practicable way of determining
24  whether one or more such persons may have known of one or more
    "conditions" imposed by the federal government upon the State as
25  set forth in Exhibit A to plaintiff's Requests for Admissions.
    Defendant further objects on grounds of relevance, in that the letter

26  /////

1    in question is addressed to, and on its face relates to conditions on
     the State of California, and not the County of Los Angeles.
2

3    (Joint Statement at 43-44.)

4           Defendant again incorporates its vague and ambiguous objections and argues

5    these requests in Series 107 are compound and seek irrelevant information.

6           Plaintiff renews her argument that defendant's objections as to terms are hyper

7    technical and without merit.  Plaintiff notes defendant has failed to state it has made reasonable

8    inquiry and that the information known or readily obtainable by the party is insufficient to allow

9    the party to admit or deny the request.

10          Defendant's objections as to ambiguous or vague use of language are overruled.

11   The request is not compound and seeks relevant information.  Defendant's attempts to amend its

12   response are disallowed.  Presumably not all 23,000 county employees had access to the letter at

13   issue in this request, and common sense would dictate that only those employees working on

14   matters closely connected to the issues contained in the letter would have been privy to it.

15   Moreover, the request merely asks whether the defendant "knew" of the conditions, it does not

16   speculate nor address whether the "conditions" discussed in the letter were imposed on the state

17   or the county.  Defendant's objections are overruled.

18          Therefore, plaintiff's motion to compel a response to request for admissions No.

19   107 is granted.  Within fifteen days from the date of this order, defendant shall answer these

20   requests without further objection, either admitting or denying the request as required by Fed. R.

21   Civ. P. 36(a).  Defendant is cautioned that failure to comply will result in its admission.  As

22   noted above, this ruling shall also apply to Requests for Admissions Nos. 129, 151, 173, 195,

23   218 and 241.

24          In accordance with the above, IT IS HEREBY ORDERED that:

25          A.  Plaintiff's motion March 22, 2006 motion to compel further responses to

26   Interrogatories Sets Nos. 1 & 2 is granted in part as follows:

24

1       1.  Plaintiff's motion to compel further responses to interrogatory 1(b) is

2   granted.  Within fifteen days from the date of this order, plaintiff shall answer interrogatory 1(b)

3   without further objection.

4       2.  Within fifteen days, defendant shall answer interrogatories 1(a), 1(c),

5   1(e), 1(f) and 1(g) by making available for inspection defendant's Comprehensive Audited

6   Financial Reports (CAPS) which reflect revenue from all sources.

7       3.  Plaintiff's motion to compel further answer to interrogatory 2(a) is

8   granted.  Within fifteen days from the date of this order, defendant shall answer Interrogatory No.

9   2(a) without further objection.

10      4.  Plaintiff's motion to compel further answers to interrogatories 2(b) and

11  2(c) is granted.  Within fifteen days from the date of this order, defendant shall answer

12  Interrogatory Nos. 2(b) and 2(c) without further objection.

13      5.  Plaintiff's motion to compel further responses to Interrogatory Nos. 6, 9

14  and 10 is granted.  Within fifteen days from the date of this order, defendant shall answer

15  Interrogatory Nos. 6, 9 and 10 without further objection.

16      6.  Plaintiff's motion to compel further response to Interrogatory No. 11 is

17  denied.

18      7.  In all other respects, plaintiff's motion to compel defendant to further

19  answer is denied.

20      B.  Plaintiff's motion March 22, 2006 motion to compel responses to Requests for

21  Admissions is granted as follows:

22      1.  Plaintiff's motion to compel a response to Requests for Admissions

23  Nos. 3, 24, 45, 66, 87, 109, 131, 153, 175, 198 and 221 ("Series 3") is granted.

24      2.  Plaintiff's motion to compel a response to Requests for Admissions

25  Nos. 20, 41, 62, 93, 104, 126, 148, 170, 192, 215 and 238 ("Series 20") is granted.

26  /////

3.   Defendant has admitted it believed that the State would follow the funding procedures established in California Welfare & Institutions Code § 14085.6 in making SB 1255 disbursements to defendant during the period 1994-1995.  (Partial Response to Request No. 4.)  Plaintiff's motion to compel a response to Requests for Admissions Nos. 4, 25, 46, 67, 88, 110, 132, 154, 176, 199 and 122 ("Series 4") is granted.

4.   Defendant has admitted that the State and the County agreed on the dollar amount of the IGT(s) to be provided by the County to the State pursuant to California Welfare & Institutions Code § 14085.6 during the period 1994-1995.  (Partial Response to Request No. 5.)  Plaintiff's motion to compel a response to Requests for Admissions Nos. 5, 26, 47, 68, 89, 111, 133, 155, 177, 200 and 223 ("Series 5") is granted.

5.   Plaintiff's motion to compel a response to Requests for Admissions Nos. 11, 32, 53, 74, 95, 117, 139, 161, 182, 206 & 229 ("Series 11") is granted.

6.   Defendant has denied that between July 1, 1994 and June 30, 1995, disbursements received by the County under SB 1255 were used to support the operating expenses of hospitals that are identified in the County's Medi-Cal Inpatient Hospital Contract. (Partial Response to Request No. 15.)  Plaintiff's motion to compel a response to Requests for Admissions Nos. 15, 36, 57, 78, 99, 121, 143, 165, 186, 210 & 233 ("Series 15") is granted.

7.   Defendant has denied that between July 1, 1994 and June 30, 1995, disbursements received by the County under SB 1255 were used to support the operating expenses of hospitals that are identified in the County's Medi-Cal Inpatient Hospital Contract. (Partial Response to Request No. 13.)  Plaintiff's motion to compel a response to Requests for Admissions Nos. 13, 34, 55, 76, 97, 119, 141, 163, 184, 208 and 231 ("Series 13") is granted.

8.   Plaintiff's motion to compel a response to Requests for Admissions Nos. 107, 129, 151, 173, 195, 218 and 241 ("Series 107") is granted. Within fifteen days from the date of this order, defendant shall answer each of these requests without further objection, either admitting or denying the request as required by Fed. R. Civ. P.

36(a).  Defendant is cautioned that failure to comply will result in admission of the request and may also result in the imposition of sanctions.  <u>Marchand</u>, 22 F.3d at 938.

DATED:  May 11, 2006.

UNITED STATES MAGISTRATE JUDGE

1; englund.mtc

27